AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **25-CI-00568**
Court: **CIRCUIT**
County: **CHRISTIAN**

*Plantiff,* **WEBB, LENORA VS. THE LINCOLN NATIONAL LIFE INSURANCE CO.**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**421 WEST MAIN STREET**
**FRANKFORT, KY 40601**

Memo: Related party is THE LINCOLN NATIONAL LIFE INSURANCE CO.

The Commonwealth of Kentucky to Defendant:
**THE LINCOLN NATIONAL LIFE INSURANCE CO.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Paige Parker
Christian Circuit Clerk
Date: **6/18/2025**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ____________________, 20______ ______________________________
Served By

______________________________
Title

EXHIBIT
A

Summons ID: 1088254170854397@90005830050
CIRCUIT: 25-CI-00568 Certified Mail
WEBB, LENORA VS. THE LINCOLN NATIONAL LIFE INSURANCE CO.



eFiled

COMMONWEALTH OF KENTUCKY
CHRISTIAN CIRCUIT COURT
CIVIL ACTION NO. __________
*Electronically Filed*

LENORA WEBB PLAINTIFF

vs. **COMPLAINT**

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY DEFENDANT

**To be served through:**
Corporation Service Company
421 West Main Street
Frankfort, KY 40601

*** *** *** ***

Comes the Plaintiff, Lenora Webb, and for her Complaint against Defendant The Lincoln National Life Insurance Company, states as follows:

1. Plaintiff Lenora Webb is a citizen and resident of Christian County, Kentucky.
2. Defendant The Lincoln National Life Insurance Company, previously known as Lincoln Life Assurance Company of Boston, hereinafter "Lincoln National" or "Defendant", is an insurance company believed to be domiciled in the state of Indiana authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority. Defendant's statutory home office is located at 1300 S. Harrison Street, Fort Wayne, Indiana 46802.
3. Defendant's service of process agent is Corporation Service Company, located at 421 West Main Street, Frankfort, Kentucky 40601, and may be served through the service of process agent.

4. Jurisdiction and venue are proper in this Court because Defendant transacts business and caused damages in the Commonwealth of Kentucky, and Plaintiff obtained coverage in Christian County, Kentucky.

5. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of Walmart Inc. employed as a Traffic Clerk. Plaintiff had been employed with Walmart, Inc. since approximately May 2004.

6. Walmart Inc. established and provided a long-term disability plan ("Plan" or "LTD Plan") to its employees, which includes Plaintiff. The policy number believed to be associated with the long-term disability Policy ("Policy" or "LTD Policy") is GD/GF3-850-290765-01.

7. Plaintiff was covered and eligible under the Plan.

8. It is believed that the LTD Policy defines disability and entitles Plaintiff to receive long-term disability ("LTD") benefits, if Plaintiff meets the following definition:

> **"Disability"** or **"Disabled"**, with respect to Long Term Disability, means:
>
> 1. For persons other than truck drivers, pilots, co-pilots, and crewmembers of an aircraft:
>
>    i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and
>
>    ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

9. Defendant has a responsibility for payment of any disability benefits due according to the terms and conditions of the LTD Policy.

10. Plaintiff, while working for Walmart Inc., became disabled under the terms of the LTD Policy on or about June 12, 2021, after being unable to return to work since on or about June 10, 2021, and her disability arose after the Effective Date of the Policy.

11. Plaintiff was unable to return to work at Walmart Inc. and remains disabled under the terms of the LTD Policy.

12. Plaintiff timely and properly submitted a claim to Defendant, consistent with the terms of the LTD Policy. Plaintiff's claim number with Defendant is believed to be 12079139.

13. By letter dated January 7, 2022, Defendant approved Plaintiff's claim for LTD benefits with benefits effective December 14, 2021.

14. On or about August 7, 2022, Plaintiff was approved for disability benefits by the Social Security Administration. The Social Security Administration deemed Plaintiff disabled since June 15, 2021.

15. On or about September 15, 2022, Defendant demanded reimbursement from Plaintiff alleging an overpayment of benefits following Plaintiff's approval for disability benefits by the Social Security Administration.

16. On December 6, 2023, Defendant denied Plaintiff's claim for LTD benefits "as of December 14, 2023."

17. On or about June 2, 2024, Plaintiff appealed the denial of her claim in the manner set forth in the applicable Policy. Plaintiff submitted additional information with her appeal.

18. By letter dated September 10, 2024, Defendant upheld the denial of Plaintiff's claim for LTD benefits beyond December 14, 2023.

19. The September 10, 2024 letter states Plaintiff's "administrative right to review has been exhausted" and she "has the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review."

20. Plaintiff is entitled to payment of disability benefits, as Plaintiff meets the definition of "Disability" or "Disabled" under the terms of the applicable Policy.

21. The LTD insurance is an employee benefit governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

22. The Plaintiff has exhausted any administrative remedies that may be required under the insurance contract and/or by law.

**COUNT I**

23. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

24. This count is brought under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B) as a result of Defendant's improper denial of benefits under the Plan and to recover benefits under the terms of the Plan.

25. Under the terms of the insurance Policy, Plaintiff is entitled to monthly LTD benefits until the maximum benefit duration date in the Policy.

26. Plaintiff is entitled to LTD benefits, and Defendant should be required to perform under its contract and pay benefits to Plaintiff.

27. Defendant's decision to terminate benefits, and its refusal to reinstate benefits after receiving additional evidence on appeal, was wrong, arbitrary and capricious, against the evidence provided to Defendant, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the Plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

28. Defendant has an inherent conflict of interest because it not only is the entity responsible for paying benefits to Plaintiff, but it is also the entity that makes the determination of whether Plaintiff qualifies for those benefits.

29. Defendant hired individuals to perform file reviews of Plaintiff's claim and used these file reviews to support its denials of benefits. The individuals employed by Defendant did not examine Plaintiff.

30. Defendant disregarded the objective medical evidence, including records and other information, that was submitted by Plaintiff on appeal.

31. Defendant's review processes, including its failure to examine Plaintiff, lacked due process to Plaintiff.

32. Defendant's review processes, including its failure to examine Plaintiff, were biased in favor of Defendant.

33. Defendant's internal review is not subject to abuse of discretion review, and Plaintiff's claim should be reviewed *de novo*.

34. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff demands the following relief:

Judgment against Defendant for full contractual benefits under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and interest under 29 U.S.C. § 1132(g) pursuant to ERISA.

Respectfully submitted,

*/s/ Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
PHILIP G. FAIRBANKS
Email: pgf@austinmehr.com
**Mehr Fairbanks Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*

Paige Parker, Christian Circuit Clerk
100 Justice Way
Hopkinsville, KY 42240-2368

USPS CERTIFIED MAIL

9236 0901 9403 8319 6199 60

Case Number: 25-CI-00568

Restricted Delivery

CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601
Case Number: 25-CI-00568

Package : 000001 of 000010

Presiding Judge: HON. JOHN L. ATKINS (603168)

# KCOJ eFiling Cover Sheet

Case Number: 25-CI-00568
Envelope Number: 10882541
Package Retrieval Number: 1088254170854397@90005830050
Service by: Certified Mail
Service Fee: $ 0.00
Postage Fee: $ 17.82

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

ackage : 000001 of 000010

 Generated: 6/18/2025 4:12:50 PM