**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH**

| | |
|---|---|
| **LENORA WEBB,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION NO. 5:25-cv-00101-BJB-LLK** |
| **v.** | ) |
| | ) |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

**REPORT OF PARTIES' RULE 26(f) PLANNING MEETING**

Pursuant to the Court's September 11, 2025, Order, Plaintiff Lenora Webb ("Plaintiff") and Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant") submit their Joint Report.

(a) A meeting was held on October 2, 2025, and was attended by Elizabeth A. Thornsbury on behalf of Plaintiff and Iwana Rademaekers on behalf of Defendant, and the Parties discussed the nature and basis of their claims and defenses, the possibility for a prompt settlement or resolution of this case, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

(b) The above-styled action is a claim by Plaintiff for recovery of disability benefits and to enforce Plaintiff's rights under the terms of the Plan and to clarify her rights to future benefits under the Plan. Plaintiff and Defendant agree Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001, et seq. ("ERISA"). As such, trial should be unnecessary for the final disposition of this case and, in the event that the parties do not resolve the case through settlement, the parties believe the most cost-

effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and dispositive cross motions for summary judgment. Accordingly, to facilitate the submission of the case to the Court, the parties propose a scheduling order containing the deadlines suggested in Paragraph (c) below in lieu of the deadlines requested in a standard schedule.

(c) As stated above, trial should be unnecessary for the final disposition of this ERISA benefits case, and in the event that the parties do not resolve the case through settlement, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule. To facilitate the submission of the case to the Court, the parties propose the following deadlines in lieu of the deadlines requested in a standard schedule:

1. **November 3, 2025** - Deadline for Defendant to produce Administrative Record to Plaintiff.
2. **February 20, 2026** - Deadline to Complete Discovery.
3. **February 27, 2026** - Deadline to file Stipulated Administrative Record.
4. **April 6, 2026** - Deadline to file cross motions for summary judgment.
5. **April 27, 2026** - Deadline to file response briefs.
6. **May 12, 2026** - Deadline to file reply briefs, at which time the case will stand submitted.

**Standard of Review:** The parties stipulate that the arbitrary and capricious standard of review shall apply to this action.

(d) With respect to Rule 26(f)(3), the parties agree that no initial disclosures are required under Rule 26(a)(1)(B), and that production of the Administrative Record and parameters for limited discovery, if any, should proceed as outlined below.

(e) Any discovery taken will be limited by the fact that this is an action seeking the recovery of ERISA benefits under 29 U.S.C. §1132(a), and as such the Court's review is generally limited to a review of the information available to the claim decision-maker at the time the final benefit determination was made. Defendant believes no discovery beyond the Administrative Record is appropriate. Plaintiff believes discovery beyond the Administrative Record may be necessary regarding any potential issues of lack of due process or bias, and conflict of interest discovery. The parties anticipate that discovery can be reasonably completed on or before **February 20, 2026**.

(f) The deadline for the Plaintiff to amend pleadings or join parties shall be **November 19, 2025**.

(g) The deadline for the Defendant to amend pleadings or join parties shall be **November 19, 2025.**

(h) See (c) above.

(i) N/A. The Parties believe the matter will be resolved by dispositive motions.

(j) N/A. The Parties believe the matter will be resolved by dispositive motions.

(k) The parties will engage in good faith settlement discussions. If it becomes necessary, the parties will engage in private mediation with a mutually agreeable third-party neutral.

(l) Trial should be unnecessary in this ERISA action. However, in the event that this matter is not resolved through mediation or dispositive motions, the Parties estimate that a trial should take no more than 1-2 days.

(m) The Parties agree that if dispositive motions do not resolve all issues, a bench trial would be appropriate and that any remaining claims will be ready for trial 60 days after the Court's final ruling on dispositive motions.

(n) The Parties will not consent to the referral of this case to a Magistrate Judge for all further proceedings in this case, including trial, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and L.R. 73.1.

Plaintiff currently has a Chapter 13 bankruptcy action pending in the Western District of Kentucky Bankruptcy Court, case number 5:2024-bk-50230 (24-50230-acs). Defendant was listed as a creditor with a nonpriority unsecured claim in the bankruptcy action related to a collection for a claimed overpayment. Due to the timing, style, and nature of the bankruptcy, the Parties are currently exploring the impact that such proceedings have on the instant action.

Respectfully submitted this 6th day of October 2025.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com
ATTORNEYS FOR DEFENDANT

**AND**

By: /s/Elizabeth A. Thornsbury (with permission)
Elizabeth A. Thornsbury
Email: elizabeth@austinmehr.com
Philip G. Fairbanks
Email: pgf@austinmehr.com
MEHR FAIRBANKS TRIAL LAWYERS, PLLC
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830

COUNSEL FOR PLAINTIFF